IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| MARIO DEANDRE JACKSON, | : | 1:15-CR-0284-AT-1 |
| | : | |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 602] recommending that Defendant Jackson be found competent to stand trial. The Defendant filed objections to the R&R [Doc. 607].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. Defendant Jackson objected on numerous grounds to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has reviewed the record in this case on a *de novo* basis.

After an independent *de novo* review of the record, the Court finds that the R&R is correct and that the Defendant's objections lack merit. Accordingly, the

Court **OVERRULES** Defendant's objections [Doc. 607]; **ADOPTS** the Magistrate Judge's R&R [Doc. 602]; and **FINDS** Defendant Jackson competent to stand trial. The Court determines that Defendant Jackson is presently able to understand the nature and consequences of the proceedings against him; consult his lawyer with a reasonable degree of understanding; and assist properly in his defense if he so chooses. The Magistrate Judge carefully evaluated the expert opinions and evidence, as well as the concerns raised by Defendant's counsel at the evidentiary hearing and in post-hearing briefs (which substantially mirrored the objections filed to the R&R). The Court therefore concurs with the Magistrate Judge's findings and holds that the Government demonstrated Defendant's competency to stand trial by a preponderance of the evidence, although Defendant presented expert testimony that conflicted with the testimony and reports of the two experts presented by the Government. Finally, the Court finds that the Magistrate Judge properly considered challenges related to Defendant's capacity to assist in his defense, as previously demonstrated at times by an antagonistic relationship with counsel, as well as by outbursts at the competency hearing — which resulted in his removal from the Court — and by other outbursts while incarcerated. *See* Magistrate Judge's discussion of *Battle v. United States*, 419 F.3d 1292 (11th Cir. 2005). (R&R, Doc. at 38-42.)

As the Magistrate Judge commented in the R&R, none of the Court's findings are intended to minimize the major challenges that defense counsel will need to navigate and manage in working with their client as this case proceeds to

trial. Defense counsel has wisely added additional experienced counsel to his team to assist in this process and to give Defendant an additional attorney to communicate with in preparing for and proceeding through trial.[1] As the Court continues with pretrial proceedings in this matter, it will endeavor to be sensitive to the competency-related concerns raised by defense counsel and the trial dynamics presented in this difficult case.

**IT IS SO ORDERED** this 9th day of July, 2021.

_____
**Amy Totenberg**
**United States District Judge**

---

[1] The Court notes that Defendant Jackson also had the benefit of the appointment of multiple professionally accomplished attorneys prior to Mr. Ertel's and Ms. Shepard's appointment as substitute counsel.